## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AISHA WEAVER,<br>Baltimore County, MD,<br><br>Individually and on Behalf of All Other Persons<br>Similarly Situated,<br><br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MARYLAND<br>MEDICAL SYSTEM CORPORATION<br>d/b/a UNIVERSITY OF MARYLAND<br>MEDICAL SYSTEM<br>250 W. Pratt Street,<br>Baltimore, Maryland, 21201,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

Plaintiff AISHA WEAVER, individually on behalf of herself and all others similarly situated, by and through counsel, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

1.     The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant University of Maryland Medical System Corporation

1

(hereinafter also referred to as "UMMS" or "Defendant") to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Plaintiff brings this case on her own behalf and on behalf of those similarly situated, both under federal and state law, to redress Defendant's violations of these laws, as is more fully set forth herein.

2.     This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA") and all applicable Maryland State wage and hour laws on behalf of Plaintiff and similarly situated current and former employees of Defendant, and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined).

3.     Plaintiff, on her own behalf and on behalf of the FLSA Collective and the State Law Class, seeks compensatory, statutory, exemplary, and punitive damages, declarative and injunctive relief, as well as attorneys' fees, costs, and such other relief as the Court may deem just and appropriate.

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiff's Maryland State Law claims pursuant to 29 U.S.C. § 1367.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business and resides in this District, Plaintiff

2

resides in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

7.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

8.    Plaintiff Aisha Weaver is an individual, a resident of Maryland, and has agreed to serve as a class representative in this matter.

9.    Defendant University of Maryland Medical System Corporation d/b/a University of Maryland Medical System is not-for-profit, healthcare system based in Baltimore, Maryland, that holds itself out as "deliver[ing] comprehensive health care services throughout Maryland," which has over 150 locations in the state, and that has $4.86 billion in annual revenue. https://www.umms.org/-/media/files/umms/about-us/member-hospitals/fact-sheets/umms-factsheet-2023.pdf?upd=20230130142713 (accessed March 26, 2026).

10.    Defendant is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA.

11.    At all times relevant, Defendant also was an employer covered by the Maryland Wage and Hour Law.

12.    Defendant utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and the State Law Class, in furtherance of its business purpose.

13.    At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

3

14. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

16. Defendant was an employer of Plaintiff and other members of the FLSA Collective and the State Law Class inasmuch as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

## FACTUAL ALLEGATIONS

**Plaintiff's, the FLSA Collective's, and the State Law Class's
Non-Exempt Employment Statuses with Defendant**

17. From October 2024 through November 3, 2025, Plaintiff was employed by Defendant as a patient care technician. She was hired to work for, and thereafter continued to work for, Defendant as an hourly, nonexempt employee, and oft-times worked more than forty hours per week.

18. Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and the State Law Class, as nonexempt employees.

19. At all times relevant, Plaintiff and other members of the FLSA Collective and the State Law Class were employees within the meaning of 29 U.S.C. § 203(e), Maryland Law.

20. At all times relevant, Plaintiff and other members of the FLSA Collective and the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Failure to Pay for All Hours Worked
as a Result of Defendant's Time Rounding Policy**

21.    Plaintiff and the other members of the FLSA Collective and the State Law Class are required to clock in and out at the beginning and end of their shifts at Defendant's locations to record their hours worked.

22.    Accordingly, at the beginning of their workdays, Plaintiff and the members of the FLSA Collective and the State Law Class clocked in as required and performed the principal activities of their jobs, but Defendant generally did not pay them for all of their time worked. Likewise, Plaintiff and the members of the FLSA Collective and the State Law Class regularly worked, stopped working, and clocked out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendant. Defendant willfully manipulated both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and the State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

23.    Defendant implemented a policy in which employees are expected to clock in and start working up to seven (7) minutes early, which is then rounded up in favor of Defendant. Employees are instructed not to clock in more than seven (7) minutes early because the time would then be rounded in the employee's favor, triggering additional compensation. Similarly, employees are instructed not to clock out more than seven (7) minutes late, as this would cause the time to be rounded in the employee's favor, triggering additional straight time compensation in non-overtime weeks, or

5

additional overtime compensation in weeks where the rounded time constituted overtime hours.

24.    Upon hiring or otherwise during their employment, Plaintiff and the members of the FLSA Collective and the State Law Class are told that they will be penalized if they clock in one minute late or clock out one minute early, whether or not they clocked-in early or work late. Defendant utilizes an attendance and/or disciplinary policy to ensure that Defendant's rounding system is substantially rigged in Defendant's favor. As a result, Plaintiff and other members of the FLSA Collective and the State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all  hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b) and the provisions of Maryland Labor Law cited herein.

25.    By way of example, Plaintiff, as a care technician, would often clock in at or up to seven (7) or more minutes prior to her shift starting time and immediately began working and/or receives her specific start assignment and stared working, performing the principal activities of her job. Plaintiff would regularly clock in four (4), five (5), or six (6) minutes or more prior to the beginning of her shift and immediately started working.

26.    Similarly, Plaintiff and other members of the FLSA Collective and the State Law Class oft-time work after the end of their shift times but are only paid up until their shift ending times. These employees are not paid for all time worked up and until they stopped working as Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include post-shift

6

compensable work required by, performed for, and to the benefit of Defendant as tracked in Defendant's timekeeping system. Thus, Plaintiff often stopped working four (4), five (5), or six (6) minutes after the end of her shift and clock out, which, when combined with the additional minutes she worked at the beginning of the shift that was rounded away, regularly adds up to at least several minutes for which Defendant failed to compensate her.

27.    Although Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and the members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Plaintiff and the members of the FLSA Collective and the State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were not properly paid for many of their hours worked as required by the FLSA and the Maryland state laws cited herein.

7

28.     Although there was no administrative difficulty in compensating them for such work, both as to beginning and end of shifts, Defendant did not count the time it took or takes Plaintiff, the FLSA Collective, and State Law Class to complete the job duties described above as hours worked for purposes of computing overtime or non-overtime hours worked.

29.     Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Defendant rounded, edited, and/or otherwise manipulated Plaintiff's, the FLSA Collective's, and State Law Class's work starting and ending times despite utilizing a timekeeping system that tracks exactly when they "punched" or clocked in/out and started/ended working each day. During overtime weeks, and despite knowing of their performance of work during workweeks when Plaintiff and the FLSA Collective worked more than forty (40) hours, Defendant did not pay them for such overtime which was required to be paid at "one and one-half times" their "regular rate[s]" of pay. *See* 29 U.S.C. § 207. Likewise, during non-overtime weeks, and despite knowing of their performance of such work, Defendant did not pay Plaintiff and the State Law Class for such hours on a straight time basis.

30.     Defendant's rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

31.    As a result, Plaintiff and other members of the FLSA Collective and the State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), the Maryland Wage and Hour Law ("MWHL") and the Maryland Wage Payment Collection Law.

32.    Defendant's on-the-clock but unpaid time deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiff, the FLSA Collective, and State Law Class] without compensating for them." "Management has the power to … [and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid in accordance with the FLSA and state law. *See id.*

33.    The additional pre- and post-shift work was compensable as overtime or straight time hours worked because the work was required by Defendant and the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA and the Maryland Wage and Hour Law.

**Defendant's Record-Keeping and Pay Payment Violations**

9

34.     The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

35.     Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

36.     Similarly, Maryland Wage and Hour Law requires employers, such as Defendant, to provide employees with a statement of deductions from wages for each pay period.

37.     Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and the State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and the State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and the State Law Class. Thus, Defendant willfully and intentionally did not properly record and

10

pay all hours worked in violation of the FLSA's and the Maryland Wage and Hour Law's record keeping requirements.

**The Willfulness of Defendant's Violations**

38.    By denying Plaintiff and members of the FLSA Collective and the State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith.

39.    Defendant is a large and highly sophisticated employer, with an in-house legal team. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal law or acted in reckless disregard as to Defendant's obligations under these laws.

40.    Accordingly, Defendant's failure to compensate Plaintiff and other members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207 and the Maryland wage and hour laws cited herein, requiring employers to provide a statement of deductions from wages for each pay period.

41.    Plaintiff and members of the FLSA Collective and the State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260, and the Maryland laws cited herein..

11

## FLSA COLLECTIVE OVERTIME ALLEGATIONS
### (As to COUNT ONE)

42.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41, as if fully rewritten herein.

43.     Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement of this action to the date of judgement in this action who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.

44.     Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members she seeks to have the Court serve notice based upon further investigation and discovery. Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

45.     Plaintiff and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a

result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff will prosecute this action vigorously on their behalf.

46.    Plaintiff and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff and other members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees and costs.

47.    Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of approximately one thousand or more persons.

**STATE LAW ALLEGATIONS**
**(As to COUNTS TWO and THREE)**

48.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41, as if fully rewritten herein.

49.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendant who assert violation of state law (referred to herein as the "State Law Class"), defined as:

13

All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period from three years prior to filing the complaint to the date of judgement in this action who were not paid for all straight/non-overtime hours worked by virtue of having their time rounded and/or edited.

50.    There are questions of law or fact common to the State Law Class, including but not limited to:

(a) Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their hours worked, under the MWHL and/or the MWPCL;

(b) Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation violated the MWHL and/or the MWPCL;

(c) Whether Defendant failed to pay Plaintiff and the State Law Class overtime compensation for all hours worked in excess of forty (40) hours in a workweek in violation of the MWHL, the MWPCL;

(d) Whether Defendant's violations of the MWHL and/or the MWPCL were willful;

(e) Whether Defendant failed to provide accurate paystubs under MWHL and/or the MWPCL; and

(f) What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay non-overtime compensation owed when the wages were required to be paid.

51.    Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by

Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

52.    The State Law Class, outlined above, is so numerous that joinder of all State Law Class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA, the MWHL, and the MWPCL, as set forth above.

53.    Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

54.    The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

55.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are

15

sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)
### *On Behalf of Plaintiff and the FLSA Collective*

56.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 51 as if fully rewritten herein.

57.    At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

58.    Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

59.    Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).  A copy of Plaintiff's consent to join is attached as Exhibit A hereto.

60.    The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq*., apply to Defendant.

61.    At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

62.    As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-

half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

63. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

64. As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed to its employees, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

65. As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

66.     Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT TWO
### (Overtime – Maryland Wage and Hour Law)
### *On Behalf of Plaintiff and the State Law Class*

67.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 41 and 48 through 55, as if fully rewritten herein.

68.     Plaintiff brings this claim for violation of Maryland Wage and Hour Lawon behalf of herself and the members of the State Law Class, as previously defined.

69.     At all relevant times, Plaintiff and the State Law Class members were employed by Defendant within the meaning of the MWHL.

70.     Defendant violated the MWHL because of its willful failure to compensate Plaintiff and the State Law Class, including overtime pay, for work performed over 40 hours a week within the past three years.

71.      As a result of Defendant's violation of the MWHL, Plaintiff and the State Class have suffered irreparable harm for which there is no adequate remedy at law.

72.     Defendant suffered and permitted Plaintiff and members of the State Law Class to perform work on its behalf which regularly totaled more than forty (40) hours per week.

73.     Pursuant to the MWHL, Plaintiff and the Class who are or were employed by Defendants are entitled to recover from Defendants: their unpaid wages for all hours worked including overtime compensation; actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required

18

employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the MWHL.

**COUNT THREE**
**(Failure to Pay Wages In a Timely Manner –**
**Maryland Wage Payment Collection Law)**
*On Behalf of Plaintiff and the State Law Class*

74.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 41 and 48 through 55, as if fully rewritten herein.

75.     Plaintiff brings this claim for violation of Maryland Wage Payment Collection Law on behalf of herself and the members of the State Law Class, as previously defined.

76.     At all relevant times, Plaintiff and State Law Class members were employed by Defendant within the meaning of the MWPCL, MD. CODE ANN., LABOR & EMPL. § 3-501.

77.     Defendants violated the MWPCL by failing to pay the legally required amount of compensation, including overtime compensation, due within the applicable two-week period as set forth MD. CODE ANN., LAB. & EMPL. §§ 3-502(a)(1)(ii) and 3-507.2.

78.     The Defendants' failure to pay Plaintiff and the State Class was not the result of any bona fide dispute between the Defendants and the Plaintiff and State Class within the meaning of MD. CODE ANN., LAB. & EMPL. § 3-507.2(b).

79.     Due to the Defendants' failure to pay the Plaintiff and the State Class their required wages, including overtime pay, Plaintiff and the State Class are entitled to recover from Defendants their unpaid wages, treble damages, court and other costs, and

19

reasonable attorneys' fees and expenses as set forth under MD. CODE ANN., LAB. & EMPL. § 3-507.2(b).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the FLSA Collective and the State Law Class, as applicable, pray that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of FLSA Collective and enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F. Enter judgment against Defendant, and in favor of Plaintiff, the FSLA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and Maryland law, and enjoining Defendant from continuing to violate the FLSA, Maryland law, and/or the law of other states where Defendant operates, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H.      Award Plaintiff and other members of the State Law Class all damages allowed by Maryland law, and/or law in effect in other states, including but not limited to treble damages under MD. CODE ANN., LAB. & EMPL. § 3-507.2;

I.      Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J.      Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K.      Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

MIGLIACCIO & RATHOD LLP

Dated: March 27, 2026          /s/ Nicholas A. Migliaccio
                               Nicholas A. Migliaccio, Esq.
                               Jason S. Rathod
                               412 H St NE, Suite 302
                               Washington, DC 20002
                               Office: (202) 470-3520
                               Fax: (202) 800-2730
                               nmigliaccio@classlawdc.com
                               jrathod@classlawdc.com

                               Seth R. Lesser*
                               Jessica Rado*
                               KLAFTER LESSER LLP
                               Two International Drive, Suite 350
                               Rye Brook, NY 10573
                               Telephone: (914) 934-9200
                               seth@klafterlesser.com
                               jessica.rado@klafterlesser.com

                               Michael A. Galpern, Esquire *
                               Amy C. Winters, Esquire *
                               JAVERBAUM WURGAFT HICKS

21

**KAHN WIKSTROM & SININS**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com
awinters@lawjw.com

Joseph F. Scott *
Ryan A. Winters *
Kevin M. McDermott II *
**SCOTT & WINTERS LAW FIRM, LLC**
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Telephone: (216) 912-2221
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, PROPOSED FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

* *PRO HAC VICE* TO BE FILED

22